UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAZ MIZRAHY,                                                          Civil Action No.:

                            Plaintiff,
    -against-

                                                           **COMPLAINT**
MERCANTILE ADJUSTMENTS BUREAU, LLC,
                                                           **DEMAND FOR JURY TRIAL**

                            Defendant.
-----------------------------------------------------------------X

Plaintiff Max Mizrahy ("Plaintiff"), by and through his attorneys, Law Office of Alan J. Sasson, P.C., as and for his Complaint against the Mercantile Adjustments Bureau, LLC, hereinafter referred to as "Defendant", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, residing at 2077 East 1st Street, Brooklyn, New York 11223 and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

3. Defendant is a New York corporation engaged in business of collecting debts with its principal place of business located at 6390 Main Street, Williamsville, NY 14221.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

### JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as

15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. The Defendant left a message on the Plaintiff's shared family phone 718-382-0705 on May 3, 2013.

9. The Defendant violated 15 USC §1692c(b) when the message which revealed that the call was from a debt collector for the Plaintiff was heard by the Plaintiff's sister-in-law, Ilanit Nakach, when it was played on the voice message recording system while being received.

10. In *Travis Banco v Credit Collection Services Inc.*, N. CIV S-10-1242 FCD/EFB USDC ED, California, the court found that Credit Collection Services's position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have refrained from listening when she heard the warning is wholly without merit." And further: "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion."

11. The *Travis* Court further cited *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F.Supp.2d 1336, 1338-39 (S.D. Fla. 2008), in which the defendant collection agency left a voice message strikingly similar to that left by defendant here, which Berg's father, step-mother and neighbor heard. As is the case here, "Defendant left messages at the plaintiff's home with a

warning to the listener to disconnect if the listener was not the plaintiff, and that continuing to listen to the message indicates that the listener was plaintiff." Id. at 1343. The court held that merely giving the warning that the party listening should hang up if not the plaintiff, does not shield a debt collector from liability under Section 1692c(b) when a third party overhears the message. *Id*. Similarly here, for the same reasons, defendant's contention that the warning on the message shields it from liability is ineffectual.

12.     The Court further cited: "The District court of Minnesota's recent holding in *Zortman v. J.C. Christensen & Associates*, Civ. No. 10-3086, 2011 WL 1630935 (D.Minn. 2001) is similarly instructive. In *Zortman*, defendant left messages on plaintiff debtor's voicemail, which plaintiff's children overheard. Id. at *1.  The *Zortman* Defendant asserted, as does defendant in this case, that it was not liable under Section 1692c(b) for communicating with a third party because they did not "purposefully or deliberately make disclosures to a third party." Id. at *2. The court explained that reading an intent requirement into the statute would be "inconsistent with the ordinary meaning of `to communicate,'" and thus, held that the Section 1692c(b) does not require a deliberate act. Id. at *5. The court noted that the "FDCPA is a strict liability[5] statute, which conflicts with requiring deliberate or purposeful intent." *Id*. (Citing, *Picht v. Jon R. Hawks, Ltd.*, 236 F.2d 446, 451 (8th Cir. 2001)"

13.     The Court further stated:" The fact that plaintiff was the intended recipient of the message and that the message instructed non-intended listeners to hang up does not absolve defendant of liability for communicating information about the plaintiff's debt to a third party. Defendant is strictly liable under Section 1692c(b) for communicating with a third party — plaintiff's mother — without the debtor's consent, regardless of whether the communication was deliberate or intentional. *Zortman*, 2011 WL 1630935 at *5; see also <u>Clayson v. Rubin &</u>

Rothman LLC, 751 F.Supp.2d 491 (W.D.N.Y. 2010) (holding that communicating twice with debtor's mother about the debt without the debtor's authorization violated section 1692c(b)."

14. The Court further concluded that the defendant's reliance on staff commentary from the Federal Trade Commission ("FTC") — the agency charged with enforcing the act — which states that "[a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard." (Def.'s Opp'n at 8:10-14.) Defendant's reliance on the agency's commentary is misplaced. The *Berg* court, in analyzing the same commentary, stated that "[t]he example given here by the FTC suggests that the FDCPA is violated by debt collectors who leave message for consumers while aware that the message may be heard by others." *Berg*, 586 F.Supp.2d at 1342.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692c(b).

17. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

18. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    Brooklyn, New York
           February 24, 2014

                                  Respectfully submitted,

                                  By:/s/ Yitzchak Zelman
                                  Yitzchak Zelman, Esq. (YZ5857)
                                  LAW OFFICE OF ALAN J. SASSON, P.C.
                                  1669 East 12 Street, 2nd Floor
                                  Brooklyn, New York 11229
                                  Phone:    (718) 339-0856
                                  Facsimile: (347) 244-7178

                                  *Attorney for Plaintiff Max Mizrahy*